IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
UNITED STATES OF AMERICA          : CASE NO.  1:010 CR 00019
                                  :
                       Plaintiff  :
                                  :
          -vs-                    : <u>MEMORANDUM OF OPINION AND</u>
                                  : <u>ORDER DENYING DEFENDANT'S</u>
                                  : <u>MOTION TO SUPPRESS</u>
CLYDE A. JEFFERSON                :
                                  :
                       Defendant  :
--------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 12 January 2010, defendant Clyde A. Jefferson (Mr. Jefferson) was charged in a one count indictment for felon in possession, in violation of 18 U.S.C. § 922(g)(1), when a search of his residence yielded a firearm.  Now before the Court is Mr. Jefferson's motion to suppress the fruits of the search warrant pursuant to the Fourth Amendment of the United States Constitution and the United States Supreme Court decision in <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).  (Doc. 18).

Mr. Jefferson avers, specifically: that the affidavit is deficient; that its content is deliberately or recklessly false; that the affidavit did not convey the reliability of the confidential informant; that the affidavit was "rubber stamped" by the issuing judge; and, that the affiant did not act in good faith.  Mr. Jefferson requests a <u>Franks</u> hearing on this matter.  The government responds in opposition that the affidavit accurately reflects Mr. Jefferson's residency at the address visited by the confidential informant; and, that

under Franks the affidavit is sufficient to establish probably cause to search the address on Woodland Avenue in Mansfield, Ohio. (Doc. 19).

Pursuant to the reasoning set forth below, this Court adduces, as a matter of law, that probable cause existed for the issuance of the warrant and, accordingly, denies Mr. Jefferson's motion to suppress.

## I.  FACTUAL BACKGROUND

According to Mr. Jefferson's brief, the warrant at issue in this matter was obtained by Captain Eric Bosko of the Richland County Sheriff's Office ("RCSO") on 2 November 2009, from a Mansfield, Ohio Municipal Court Judge.  Mr. Jefferson takes issue with paragraphs 4, 5, and 6 of Officer Bosko's affidavit, specifically providing:

> 4. On October 15 and 21, 2009 the Richland County Sheriff's Office and Alcohol Tobacco and Firearms (ATF) interviewed CI [confidential informant] [redacted] and obtained information that a Clyde Jefferson was living at [redacted] Woodland Ave. and had admitted to doing a [sic] armed robbery in Mansfield, Ohio within the past six weeks.  Clyde Jefferson's girlfriend: Jamie (Unknown Last Name) W/F had also stated to CI [redacted] that Clyde had committed a robbery somewhere on S. Diamond St. are in Mansfield, Ohio.  CI [redacted] stated that Clyde talks about having a long barreled revolver that he used and keeps in his bedroom at [redacted] Woodland Ave.  CI [redacted] provided additional information that Clyde Jefferson abuses crack cocaine and sells crack cocaine as well from his residence of [redacted] Woodland Ave.
>
> 5.  On October 26, 2009 Richland County Sheriff's Office and Agent from Alcohol tobacco and firearms (ATF) took RSCO CI [redacted] and equipped him with a recording device and video device.  CI [redacted] then drives [sic] to [redacted] Woodland Ave. and made contact with Clyde Jefferson.  Clyde Jefferson is a convicted felon for Rape (2 counts) and Robbery from Richland County Common Pleas Case #72-CR-870 (H) and Drug Possession F-5 from Richland County Common Pleas Court Case #03-CR-356 (H).  Clyde Jefferson is a registered sex offender and is registered at [redacted] Harker St. Mansfield, Ohio.  However, Clyde Jefferson is living at [redacted] Woodland Ave. Mansfield Ohio.  The CI

2

> confirmed Clyde's residency this date. During the recorded encounter Clyde Jefferson admits to possessing a revolver in the residence at [redacted] Woodland Ave. The CI observed a second unknown black male in the residence at this encounter who then produced and showed the CI a black semi-auto pistol. Clyde Jefferson then discussed with the CI future plans to commit armed robberies in Mansfield including the Willard Coin located on Park Avenue West in Mansfield.
>
> 6. On November 2, 2009 CI [redacted] was equipped with a recording device and went to [redacted] Woodland Ave. Mansfield, Ohio. Once at the residence the CI contacted Clyde Jefferson who was sleeping in the downstairs master bedroom. Clyde Jefferson admitted to having a firearm and went into his master bedroom and came out with a .38 caliber six-shot revolver black in color. Clyde Jefferson then physically handed the firearm to CI [redacted]. The CI was able to handle the firearm and confirmed it was a firearm. The CI asked for crack cocaine and Clyde Jefferson stated he had it at [ ] and could get the crack cocaine from the house around the corner.

In summation, paragraph 7 notes:

> 7. Clyde Jefferson is considered under disability per ORC 2923.13 as he is a convicted felon for Robbery, Rape and Drug Possession (Common Pleas Court 72-CR-870 and 03-CR-356) and from the encounters on October 26, 2009 and November 2, 2009 it was determined that Clyde Jefferson is in possession of a firearm.

Pursuant to the affidavit, a Mansfield Municipal Court judge issued a warrant to search the Woodland Avenue address in Mansfield, Ohio, for evidence of firearms, ammunition and drugs. The affidavit specifically included information that on both 15 and 21 October 2009, Richland County Sheriff's deputies and an ATF agent interviewed a confidential informant concerning the activities of Mr. Jefferson, involving firearm possession and the sale of crack cocaine. According to the affidavit, equipped with an audio-video recording device, the confidential informant made contact with Mr. Jefferson on 26 October and 2 November 2009. The subsequent warrant search of the Woodland residence yielded a firearm, a Webley and Scott, model mark IV .38 caliber

3

six shot revolver, seal number 137670. While the affidavit and the confidential informant address Mr. Jefferson's alleged sale of crack cocaine, the instant indictment involves only the firearm possession.

At issue in this motion to suppress is the veracity of sentences six through eight of paragraph five, the 26 October 2009 encounter between the CI and Mr. Jefferson:

> The CI confirmed Clyde's residency this date. During the recorded encounter Clyde Jefferson admits to possessing a revolver in the residence at [redacted] Woodland Ave. The CI observed a second unknown black male in the residence at this encounter who then produced and showed the CI a black semi-auto pistol.

Mr. Jefferson maintains these representations are false. The government maintains there is a "clerical error" in this portion of the affidavit, specifically involving the affidavit allegation that a second unknown black male produced a firearm. The government represents that particular information was provided by the CI to the affiant about the CI's 21 October 2009 encounter, and not the 26 October 2009 visit to Mr. Jefferson.

## II. STANDARD OF REVIEW

The Fourth Amendment provides that, "No warrant shall issue but upon probable cause, supported by oath or affirmation ..." U.S. Const. Amend. IV. Probable cause is a fluid concept that is defined as being "reasonable grounds for belief, supported by less than prima facie proof, but more than mere suspicion" and exists "when there is a 'fair probability' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." Unites States v. Lattner, 385 F.3d 947, 951 (6th Cir. 2004), cert. denied, 543 U.S. 1095 (2005)(citing United States v. Davidson, 936 F.2d 856, 859 (6th Cir. 1991)).

4

In <u>Illinois v. Gates</u>, 462 U.S. 213, 238-39 (1983), the Supreme Court set forth the basic standard for assessing whether an affidavit establishes probable cause to issue a search warrant:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him [or her], ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

See also <u>United States v. Davidson</u>, 936 F.2d 856, 859 (6th Cir. 1991); <u>United States v. Helton</u>, 314 F.3d 812, 819 (6th Cir. 2003).

A magistrate's probable cause determination "should be paid great deference by reviewing courts." <u>Id</u>., 462 U.S. at 236. However, that deference is not absolute, and reviewing courts must ensure that the issuing magistrate did "not serve merely as a rubber stamp for the police." <u>United States v. Leon</u>, 468 U.S. 897, 914 (1984), <u>quoting</u> <u>Aguilar v.. Texas</u>, 378 U.S. 108, 111 (1964). Further, reviewing courts "will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.' " <u>Leon</u>, at 915, <u>quoting</u> <u>Illinois v. Gates</u>, <u>supra</u>, 462 U.S. at 239.

In assessing the issuing magistrate's probable cause determination, the reviewing court is concerned only with those facts which appear within the four corners of the affidavit. <u>United States v. Hatcher</u>, 473 F.2d 321, 324 (6th Cir.1973); <u>United States v. Weaver</u>, 99 F.3d 1372, 1378 (6th Cir. 1998), <u>citing</u> <u>Whitely v. Warden</u>, 401 U.S. 560, 564-65 (1971). However, if the affidavit contains false statements that are shown to have been made knowingly and intentionally, or with reckless disregard for the truth, and

5

if those false statements were necessary to the finding of probable cause, the evidence seized pursuant to the warrant will be suppressed. Franks v. Delaware, 438 U.S. 154, 155-56, (1978). Inaccurate statements that are the result of mere negligence or mistake do not fall within the framework of Franks. Id. at 171. A Franks claim entails a two-part analysis: (1) whether the defendant has shown by a preponderance of the evidence that false statements were deliberately or recklessly made, and (2) "whether the affidavit, without the false statements, provides the requisite probable cause to sustain the warrant." United States v. Charles, 138 F.3d 257, 263 (6th Cir. 1998).

### III. ANALYSIS

Through independent investigation and the statements of a confidential informant, interviewed by an ATF Agent and County Sheriff on two occasions, and the placement, on two further occasions, of the confidential informant, wearing an audio-video recording device, into the Woodland Avenue residence, Captain Bosko's affidavit supports the following findings: (1) Mr. Jefferson is a convicted felon; (2) he resides at the targeted address on Woodland Avenue Mansfield, Ohio; (3) he has been seen numerous times at the Woodland address with a firearm, including one time on 2 November 2009, when he retrieved a firearm from the room in which he was just sleeping and handed the firearm to the confidential informant.

On its face, then, the affidavit establishes probable cause to believe evidence of a federal crime – felon in possession of a firearm – would be found in the Woodland Avenue location where Mr. Jefferson resides. However, Mr. Jefferson claims that materially false information was either intentionally or recklessly placed within the

affidavit; therefore, it is necessary to scrutinize the affidavit under the two elements discussed in Franks.

The first element of the Franks inquiry asks the Court to consider whether the affidavit contains false information that was intentionally or recklessly made. Mr. Jefferson challenges the representations made by the affiant in sentences six through eight of paragraph five of the affidavit, arguing that Captain Bosko's reliance on the informant's information was reckless. Specifically, the Defendant states that the audio recording never indicated the presence of a second male and the video did not provide evidence that the informant was shown a "black semi-auto pistol." (Doc. 18). The government maintains the information in paragraph five, objected to by Mr. Jefferson, actually involved the confidential informant's encounter with the defendant on 21 October 2009, and not during the 26 October 2009 recorded encounter. (Doc. 19). While the Court would not, as does the government, characterize the conflation of dates and information, as a "clerical error," it also does not appear to be false information that was intentionally or recklessly made. Thus, even if the Court assumed that some of the informant's information was inaccurate, it cannot be said that Captain Bosko's affidavit was made with reckless disregard for accuracy.

If the Court further assumed that the challenged statements in the affidavit were both false and made recklessly, Mr. Jefferson's motion would still falter under the second element of the Franks inquiry: if all of those statements are stricken from the affidavit, there is still abundant probable cause to show that evidence of 18 U.S.C. § 922(g) would be found at the Woodland Avenue location where Mr. Jefferson clearly resided. Without question, Mr. Jefferson has prior felony convictions. The confidential

7

informant reliably and repeatedly found Mr. Jefferson at the Woodland Avenue residence, and in the 2 November 2010 encounter, awoke the defendant who was sleeping in the master bedroom. On that date, Mr. Jefferson retrieved the firearm from the master bedroom and physically handed it to the confidential informant. The information gleaned from this encounter, and enunciated in paragraph six of the affidavit in which the confidential informant wore a recording device, was corroborated in the captured conversations discussing the specifics of the firearm. Where Mr. Jefferson was observed at his residence with a .38 caliber revolver on the day of the affidavit, there exists probable cause for the issuance of the warrant. Accordingly, Mr. Jefferson's challenge to the search warrant and motion to suppress must fail.

## **IV. CONCLUSION**

For the reasons discussed above, this Court denies Mr. Jefferson's motion to suppress the warrant.

IT IS SO ORDERED.

                                         /s/Lesley Wells
                                         UNITED STATES DISTRICT JUDGE

Date: 24 June 2010