UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO.  1:10 CV 0019 |
| Plaintiff, ) | |
| ) | |
| -vs- ) | MEMORANDUM OF OPINION AND |
| ) | ORDER DETERMINING ARMED |
| CLYDE JEFFERSON ) | CAREER CRIMINAL STATUS AND |
| ) | DENYING FUNDS FOR A FIREARMS |
| ) | EXAMINER |
| Defendant. ) | |
| ) | |

UNITED STATES DISTRICT COURT JUDGE LESLEY WELLS

The defendant in this matter, Clyde Jefferson ("Mr. Jefferson"), has requested the Court render a determination, prior to trial, on the question of whether his past criminal record qualifies him as an Armed Career Criminal, facing a mandatory minimum sentence of fifteen (15) years pursuant to 18 U.S.C. § 924(e).  (Doc. 25).  In the instant matter, Mr. Jefferson faces a one-count indictment alleging felon in possession, in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1).  The government has responded in support of designating Mr. Jefferson as an armed career criminal.  (Doc. 29).

Mr. Jefferson has also moved, separately, for the appointment of an expert firearms examiner to evaluate the weapon found in the Defendant's possession, a Webley and Scott, Model Mark IV, .38 caliber six shot revolver, serial number 137670, to determine whether the handgun is an "antique firearm". (Doc. 26). The government takes no position on the Defendant's request. (Doc. 28).

For the reasons discussed below, the Court will find Mr. Jefferson's prior convictions fit within the ambit of the ACCA, as directed by the controlling case law in this Circuit. Further, the Court will not appoint an expert firearms examiner in this instance.

### Determination of Armed Career Criminal Designation

The Indictment memorializes Mr. Jefferson's three prior convictions as: a Robbery conviction in the Richland County Common Pleas Court, Case Number 1972-CR-8078, in January 1973; and, two counts of Rape in the Richland County Common Pleas Court, Case Number 1975-CR-8700, in June 1975. Under ordinary circumstances, a defendant convicted of being a felon in possession in violation of 18 U.S.C. § 922(g)(1) faces a maximum prison sentence of ten (10) years. 18 U.S.C. § 924(a)(2). Pursuant to the Armed Career Criminal Act, a convicted felon found guilty of possessing a firearm in violation of § 922(g)(1), who has three prior convictions for "a violent felony or a serious drug offense," is subject to a mandatory minimum sentence of fifteen (15) years of imprisonment. 18 U.S.C. § 924(e)(1).

The government maintains that Mr. Jefferson's current indictment under 18 U.S.C. 922(g)(1), combined with his prior convictions place him in a statutory category

2

for sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which reads: "In the case of a person who . . . has three previous convictions . . . for a violent felony . . on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years."[1]

Mr. Jefferson contends that invocation of the ACCA in this instance: (1) violates his "right to equal protection" as disproportionate, irrational and arbitrary; (2) is over-inclusive for not considering the age of his past convictions, the most recent of which occurred in 1975; and, (3) is inconsistent with the Sentencing Guidelines because the ACCA counts as individual convictions any predicate offenses regardless of whether they are separated by an intervening arrest, and counts as separate events the multiple offenses contained in the same charging documents. (Doc. 25).

First, Mr. Jefferson marshals a series of policy arguments in favor of his contention that the ACCA, as applied to him in this instance, violates his "right to equal protection because the ACCA disregards the proportionate sentencing and fairness achieved by the Sentencing Guidelines." The Defendant cites to no authority upon which to hold the ACCA unconstitutional. (Doc. 25, pp. 4-9). Without enunciating each of the Defendant's arguments, as a matter of law, the Sixth Circuit has already spoken on this issue in <u>United States v. Jones</u>, 2002 WL 31724833 (6th Cir. 2002). In <u>Jones</u>,

---

[1]The ACCA defines "violent felony" as:
[A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . ."

18 U.S.C. § 924(e)(2)(B).

3

the Sixth Circuit determined that treating a defendant who qualifies for sentencing under the ACCA differently from defendants sentenced in accord with the otherwise applicable Sentencing Guidelines does not implicate the defendant's right to equal protection. See also, United States v. Warren, 973 F.2d 1304, 1311 (6th Cir.1992) (finding that sentences under the ACCA are not cruel and unusual); United States v. Stokes, 292 F.3d 964, 968 (9th Cir. 2002) (rejecting a defendant's equal protection and due process challenges to the constitutionality of the ACCA); United States v. Vincent, 901 F.2d 97, 99-100 (8th Cir. 1990) (rejecting the defendant's argument that the ACCA sentence enhancement violates his due process and equal protection rights because it "invades the province of the trial judge in the exercise of his sentencing discretion and improperly singles out certain defendants and treats them differently than other convicted felons"). The Sixth Circuit, along with other circuits, has determined that, in creating the ACCA, Congress had a rational basis upon which to treat the two groups differently.

Secondly, Mr. Jefferson also urges the Court to consider his prior convictions in 1973 and 1975 as outside the ambit of the ACCA because, in crafting U.S.S.G. §4A1.2 of the Sentencing Guidelines, the Sentencing Commission determined that "a sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted." (Doc. 25, p. 10). As Mr. Jefferson is aware, unlike the Sentencing Guidelines, the ACCA does not have an outer limit for the age of a prior conviction. Nor does U.S.S.G. § 4A1.2 affect the statutory range set pursuant to 18 U.S.C. § 924(e). See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Further, the Sixth Circuit

has rejected Mr. Jefferson's policy argument that the ACCA should mimic the Sentencing Guidelines and limit the age of considered convictions to fifteen years. See United States v. Moreno, 933 F.2d 362, 373-74 (6th Cir. 1991).

In his final argument against the application of the ACCA, Mr. Jefferson maintains the policy position that the ACCA should count prior convictions using the method enshrined in the Sentencing Guidelines, which does not count prior convictions as separate if they: (1) were not separated by an intervening arrest; (2) were for offenses contained in the same charging instrument; or, (3) resulted in sentences imposed on the same day. See U.S.S.G. § 4A1.2(a)(2). Namely, Mr. Jefferson contends that like the Sentencing Guidelines treatment of past convictions, his 1975 rape convictions should not be considered separate for purposes of counting under the ACCA, because they were not separated by an intervening arrest.

The Sixth Circuit considers separate "episodes" when counting prior convictions under the ACCA. See United States v. Brady, 988 F.2d 664 (6th Cir.1993) (en banc). In Brady, the Sixth Circuit defined an "episode" as,

> an incident that is part of a series, but forms a separate unit within the whole. Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration.

Id. at 668 (quoting United States v. Hughes, 924 F.2d 1354, 1361 (6th Cir.1991)). What makes an "episode" separate is not, as Mr. Jefferson would have it, an intervening arrest but, instead, that the first incident was "complete" or committed "successfully" before the second crime was started. See Brady, 988 F.2d at 668; United States v. Murphy, 107 F.3d 1199, 1209 (6th Cir. 1997); see also United States v. Schieman, 894 F.2d 909, 913 (7th Cir.), cert. denied, 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 121

5

(1990); United States v. Tisdale, 921 F.2d 1095, 1099 (10th Cir.1990), cert. denied, 502 U.S. 986, 112 S.Ct. 596, 116 L.Ed.2d 619 (1991); United States v. Washington, 898 F.2d 439, 441-42 (5th Cir.), cert. denied, 498 U.S. 842, 111 S.Ct. 122, 112 L.Ed.2d 91 (1990). The Court has no facts before it to sustain an argument that Mr. Jefferson's two rape convictions were not separate "episodes" as understood in Brady. The only argument proffered by the Defendant is that his two rape convictions should be regarded as a singular conviction because there was no intervening arrest. As the ACCA does not require an intervening arrest to define separate "episodes" the Court will determine that Mr. Jefferson's three separate prior convictions place him within the ambit of the ACCA.

### Appointment of an Expert Firearms Examiner

Mr. Jefferson seeks an order authorizing expenditures to enable him to hire Larry Dehus, a forensic scientist, located at 326 South Miami Street, West Milton, Ohio 45383, as a firearms expert in preparation for trial. In support of this request, Mr. Jefferson notes the firearms expert is necessary to, specifically, determine whether the Webley and Scott, Mark IV, .38 caliber six shot revolver, serial number 137670, is an "antique firearm." (Doc. 26)

> Pursuant to 18 U.S.C. § 921(a)(16), the term "antique firearm" means:
>
> (A) any firearm (including any firearm with a matchlock, flintlock, percussion cap, or similar type of ignition system) manufactured in or before 1898; or
> (B) any replica of any firearm described in subparagraph (A) if such replica--
> (i) is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition, or

> (ii) uses rimfire or conventional centerfire fixed ammunition which is no longer manufactured in the United States and which is not readily available in the ordinary channels of commercial trade; or
> (C) any muzzle loading rifle, muzzle loading shotgun, or muzzle loading pistol, which is designed to use black powder, or a black powder substitute, and which cannot use fixed ammunition. For purposes of this subparagraph, the term "antique firearm" shall not include any weapon which incorporates a firearm frame or receiver, any firearm which is converted into a muzzle loading weapon, or any muzzle loading weapon which can be readily converted to fire fixed ammunition by replacing the barrel, bolt, breechblock, or any combination thereof.

On its face, the statutory designation of "antique firearm" does not apply to the firearm Mr. Jefferson is alleged to have in his possession.

According to the Webley Scott Archives (http://www.armsresearch.co.uk), Mr. Jefferson's firearm, serial number 137670, was manufactured in 1944 and uses commercially available .38 ammunition.  Mr. Jefferson's putative right to an expert does not extend to a situation, such as this, in which the firearm in question clearly fails to fall within the ambit of an "antique firearm."

Thus, as presented to the Court, the request for funds in this matter to hire a firearms examiner to determine whether the instant firearm is an "antique" is neither necessary under 18 U.S.C. § 3006A(e)(1), nor reasonably necessary under the ABA Standards for Criminal Justice, Guideline 4.1(B). On its face, pursuant to 18 U.S.C. § 921(a)(16), Mr. Jefferson's Webley Scott handgun is not an "antique."

**Conclusion**

Accordingly, the Court determines that Mr. Jefferson qualifies for enhanced penalties under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Court, further, denies the request to authorize expenditure for a firearms examiner.

IT IS SO ORDERED.

                                                  /s/Lesley Wells
                                          UNITED STATES DISTRICT JUDGE

Dated: 10 December 2010